**Sheila Marie De Los Reyes ANCHETA, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–74365.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 20, 2004.

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Margaret Taylor, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM ***

Sheila Marie de Los Reyes Ancheta, a native citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review credibility findings for substantial evidence. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because the contradiction between Ancheta's testimony and asylum application regarding persecution by guerrilla groups in the Philippines went to the heart of her asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Because Ancheta failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Ancheta's contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche*, 350 F.3d at 852 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 900 (9th Cir.2004) (order), petitioner's

voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

